UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-333-01-F
No. 5:10-CV-228-F

| | |
|---|---|
| QUINCY RAY LUCAS,  ) | |
| Movant, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Respondent.. ) | |

This matter is before the court for initial consideration of Quincy Ray Lucas's ("Lucas") "Motion to Vacate, Set Aside or Correct his Sentence" pursuant to 28 U.S.C. § 2255 [DE-24/27], filed June 1, 2010.[1] Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, provides:

> **(b) Initial consideration by judge.** . . . If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Lucas pled guilty to Count One of a two-count indictment, charging him with conspiracy to distribute and to possess with the intent to distribute fifty (50) grams or more of cocaine base (crack), and five hundred (500) grams or more of cocaine, and less than fifty (50) kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). [2] The indictment included

---

[1] Lucas's § 2255 motion [DE-24] is considered to have been filed on May 28, 2010, the date on which the envelope containing it was received for mailing by Bureau of Prisons authorities. *See* Rule 3(d), RULES GOVERNING § 2255 PROCEEDINGS. Lucas filed a corrected motion [DE-27], as directed by the court, on June 21, 2010. The court will refer to the § 2255 motion herein as [DE-24/27"].

[2] Count Two, dismissed at sentencing on the Government's motion, charged Lucas with possession with the intent to distribute a quantity of cocaine base (crack), and less than

allegations that Lucas had committed the offenses after having been convicted of two prior felony drug offenses.

Lucas guilty plea to Count One was pursuant to a Memorandum of Plea Agreement [DE-19] with the Government. The Plea Agreement memorialized Lucas's agreement, *inter alia*, that there were no other agreements between himself and the Government in addition to or different from the terms contained therein; that the offense to which he pled guilty carried a minimum term of 10 years and a maximum term of life imprisonment; that he waived his right to appeal and to collaterally attack his conviction or sentence except on the grounds of prosecutorial misconduct and ineffective assistance of counsel not known to him at the time he entered his guilty plea; that the Government "will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is *not promising* to move for departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35" (emphasis added); that the Government will not file an enhancement under 18 U.S.C. § 851; and that the parties agreed that a downward adjustment of two levels for acceptance of responsibility was warranted under U.S.S.G. § 3E1.1.

Lucas's sentencing hearing was conducted on May 13, 2009. The Government filed a motion for downward departure in light of Lucas's substantial assistance under U.S.S.G. § 5K1.1. In light of the 5K1.1 motion, defense counsel withdrew the single objection – drug weight. Lucas exercised his right to allocution and advised the court that he wanted to go home to his 14-year old child because he suffers from lupus, needs a kidney transplant and feels he

---

fifty (50) kilograms of marijuana.

doesn't have "that much time left."[3] Lucas did not voice any objections to the Presentence Report.

The court adopted the credible and reliable findings contained in the Presentence Report, which resulted in an advisory Guideline range of 135 to 168 months. In honoring the Government's motion for downward departure, however, the undersigned imposed a sentence of 120 months – the mandatory minimum sentence for the offense to which Lucas pled guilty. At the defendant's request, the court recommended that he be allowed to serve his sentence at Butner. However, in light of Lucas's multiple medical conditions, he was assigned to the Medical Center for Federal Prisoners at Springfield, Missouri. As provided in his Plea Agreement, Lucas did not appeal his sentence.

Lucas's compliant § 2255 motions sets out two grounds for relief: First, he contends that he is actually innocent of the drug quantity for which he was sentenced. He contends he only is responsible for 250 grams of crack cocaine, not 900 grams. He contends he so advised his attorney, who told him the quantity would be corrected on appeal. However, Lucas's counsel withdrew the drug quantity objection when the Government moved for a downward departure. Second, Lucas contends he advised his attorney that he wanted to appeal his sentence, but his attorney failed to do so.

The offense to which Lucas pled guilty was conspiracy to distribute and to possess with the intent to distribute fifty (50) grams *or more* of cocaine base (crack), and five hundred (500) grams *or more* of cocaine, and less than fifty (50) kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). In pleading guilty to that offense, Lucas admitted to his involvement with *at least* those quantities. As Lucas acknowledged under oath during his

---

[3] The Presentence Report contains a lengthy and detailed summary of Lucas's ailments, as well as a list of his medications.

arraignment and in executing his plea agreement, the *minimum mandatory* sentence for a conviction of that offense is 120 months or 10 years. In honoring the Government's § 5K1.1 motion for downward departure from Lucas's advisory guideline range of 135 to 168 months, the court imposed a sentence of 120 months – the lowest sentence available for the quantity of drugs to which Lucas pled guilty under the circumstances of this case. Lucas himself admitted to investigating agents in an unprotected statement his involvement with 673.6 grams of crack cocaine and 765.45 grams of powder cocaine. Lucas is entitled to no relief as to his first claim.

Lucas's second claim – that his attorney rendered ineffective assistance in failing to file a notice of appeal notwithstanding his direction that he do so – ultimately would bring him no relief. Lucas contends his attorney's failure to notice an appeal deprived him of the opportunity to challenge the drug quantity attributed to him. As explained above, however, notwithstanding the drug quantity attributed to him in the Presentence Report, Lucas was sentenced to the *lowest term* of imprisonment available by law, based on the quantity of drugs *to which he admitted by pleading guilty*. If Lucas were to pursue this claim and his sentence re-imposed in order to renew his 14-day appeal time, he still could not receive a lower sentence than that imposed on May 13, 2009, under the law applicable to his case.

Accordingly, as it plainly appears from the motion and the prior proceedings in this case that Lucas is not entitled to relief on his § 2255, the instant motion is DISMISSED pursuant to Rule 4, RULES GOVERNING § 2255 PROCEEDINGS. The Clerk of Court is DIRECTED to so notify Lucas.

After reviewing the claims presented in the instant § 2255 petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of Lucas's claims debatable or wrong, and none of the issues are adequate to deserve

encouragement to proceed further. Accordingly, a certificate of appealability is DENIED. Rule 11 (a), RULES GOVERNING § 2255 PROCEEDINGS.

    SO ORDERED.

    This __4__ day of August, 2010.

                                          _James C. Fox_
                                          JAMES C. FOX
                                          Senior United States District Judge

5

Case 5:08-cr-00333-F   Document 28   Filed 08/05/10   Page 5 of 5